<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHYAN-LASHEL WALLACE,

                Plaintiff,

v.

SALLIE MAE BANK,

                Defendant.

Case No. 2:23-cv-22600 (BRM) (CLW)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is Defendant Sallie Mae Bank's ("Sallie Mae") Motion to Dismiss (ECF No. 7) *pro se* Plaintiff Shyan-Lashel Wallace's ("Wallace") Complaint (ECF No. 1-1), pursuant to Federal Rule of Civil Procedure 12(b)(6). Wallace failed to appear for the initial scheduling conference and failed to respond to this Motion; therefore, the Motion was deemed unopposed. (ECF No. 13.) Because Wallace is appearing *pro se*, the Court will conduct a merits analysis despite the motion being unopposed. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); *Jones v. Unemployment Comp. Bd. Of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (explaining same). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth

below and for good cause having been shown, Sallie Mae's Motion to Dismiss (ECF No. 7) is **GRANTED** and Wallace's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

### A. Factual Background

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Wallace. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises from a check sent by Wallace to Sallie Mae that was intended to discharge a student loan payment. (ECF No. 1-1 at 2.) Wallace alleges that Sallie Mae breached its fiduciary duty by failing to discharge the loan after Sallie Mae received the check sent by Wallace. (*Id.*) The Court gleans from the Complaint that Wallace pleads a claim for breach of contract and the Federal Reserve Act 29. (*Id.* at 2–3.) Wallace further alleges that Sallie Mae reported a late payment to credit agencies. (*Id.* at 3.) While Wallace does not rely on an explicit cause of action, it appears, and Sallie Mae argues, she is pleading a claim under the Fair Credit Reporting Act ("FCRA"). (Notice of Removal (ECF No. 1 at 3).)

On June 15, 2023, Sallie Mae received Wallace's check by certified mail, purported to relieve Wallace's obligation to pay a student loan serviced by Sallie Mae. (*Id.* at 2.) Wallace describes this check as a "Negotiable Instrument/Bill of Exchange" and attached a copy to the complaint. *(Id.)* Wallace's check includes the following information: payable through Shyan Wallace; labeled Certified Funds Remit at Par from the U.S. Treasury located at 1500

Pennsylvania Avenue N.W., Washington D.C.; Pay to the Order of Sallie Mae, in the amount of $10,000; and signed by "Shyan-Lashel : Wallace". (*Id*. at 6.) On July 7, 2023, Wallace sent Sallie Mae a letter entitled "Breach of Contract Notice" informing Sallie Mae to deposit the "attached bill" or reply within 5 business days. (*Id*. at 5.) On October 18, 2023, Wallace filed the Complaint initiating this action in the Superior Court of New Jersey, Passaic County, Docket No. PAS-L-003030-23. (ECF No. 1 at 1–2.)

### B.    Procedural History

This matter was filed in the Superior Court of Jersey, Passaic County on October 18, 2023. (*Id*.) On November 22, 2023, Sallie Mae filed a Notice of Removal to remove this action to the United States District of New Jersey. (ECF No. 1.)[1] On January 30, 2024, Sallie Mae filed a Joint Discovery Plan, which was not signed by Wallace.[2] (ECF No. 11.) On January 31, 2024, the Court held an initial scheduling conference for which Wallace failed to appear. (ECF Nos. 12–13.) Accordingly, discovery was stayed and the Motion to Dismiss, to which Wallace failed to file an opposition, was deemed unopposed. (ECF No. 13.)

### II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all

---

[1] On November 29, 2023, Sallie Mae submitted a letter to the Court forwarding Wallace's "Objection to Motion of Removal" which Wallace filed in the Superior Court of New Jersey. (ECF No. 3.) On December 4, 2023, Sallie Mae, interpreting Wallace's filing as a motion to remand, filed an opposition. (ECF No. 4.) On December 4, 2023, the Court, in reviewing these documents, found there was no proper motion before the Court and advised Wallace to file a formal motion to remand following the applicable rules and procedures. (ECF No. 5.) No motion was ever filed.

[2] Sallie Mae contends the parties were in communication regarding the joint discovery plan and the proposed plan was sent to Wallace for her signature. (ECF No. 9.) The submitted joint discovery plan is not signed by Wallace. (ECF No. 11.)

inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id*. (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ*., 30 F.4th 335, 345 (3d Cir. 2022).

4

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id*. at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

5

### III. DECISION

Sallie Mae argues Wallace's Complaint must be dismissed because she has failed to state claims upon which relief can be granted.[3] (ECF No. 7 at 1.) Specifically, Sallie Mae argues "[t]here is no plausible theory under which [Wallace] could contend that a check drawn on the United States Treasury somewhat discharged the balance of the student loan which [Sallie Mae] services on [Wallace's] behalf." (*Id*. at 2.) The Court agrees.

Each of the claims Wallace brings is predicated on the assumption that the check labeled "Bill of Exchange" is an instrument sufficient to discharge a student loan serviced by Sallie Mae. (ECF No. 1-1.) A check drawn on the U.S. Treasury is not a valid instrument capable of tendering payment, and as such, could not have eliminated Wallace's student loan.[4] Consequently, Wallace's claims for breach of contract, breach of fiduciary duty, violation of the Federal Reserve Act 29, and violation of the FCRA each fail as a matter of law. Accordingly, Sallie Mae's Motion to Dismiss is **GRANTED** and the matter is **DISMISSED WITHOUT PREJUDICE**.

---

[3] This matter could also likely be dismissed under Local Civil Rule 41.1(a) for failure to prosecute due to Wallace's failure to appear at conferences. (*See* ECF No. 13.) However, the Court does not reach that analysis as the Complaint fails to state a claim. The District Court of New Jersey Local Civil Rule 41.1(a) addresses dismissal of inactive cases, stating that "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings . . . must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 8 U.S.C. § 1746 from counsel of record or the unrepresented party." L. Civ. R. 41.1(a).

[4] Sallie Mae contends that Wallace is using a common "sovereign citizens" scheme. (ECF No. 7 at 14.) The Treasury Department describes this scheme as claiming that when the U.S. went off the gold standard in 1933, the government went bankrupt and converted citizens' bodies into capital value. *See* Department of the Treasury, Office of Inspector General, *Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury*, available at https://oig.treasury.gov/Scams/Bogus-Sight-Drafts. This led to the false belief that citizens could redeem their "value" through TreasuryDirect accounts using sight drafts or Bills of Exchange, which are fraudulent and a violation of federal law. *Id*.

## IV. CONCLUSION

For the reasons set forth above, Sallie Mae's Motion to Dismiss Wallace's Complaint is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                     */s/ Brian R. Martinotti*
                                     **HON. BRIAN R. MARTINOTTI**
                                     **UNITED STATES DISTRICT JUDGE**

Dated: July 15, 2024